21 So.2d 417

**NUGIER v. NUGIER et al.**

No. 37344.

Feb. 19, 1945.

Otto J. Mestayer, of New Iberia, for plaintiff and appellant.

Edward F. LeBlanc, of Abbeville, for appellees.

HAMITER, Justice.

Philip Nugier instituted this proceeding for the purpose of enjoining and prohibiting the seizure and sale of his lands in suit No. 15,020, entitled John Nugier v. Philip L. Nugier, on the docket of the Fifteenth Judicial District Court for the Parish of Vermilion. In that cause, the principal defendant herein and plaintiff's brother, John Nugier, had obtained an order of executory process for the foreclosing of a mortgage on the property executed by this plaintiff on March 27, 1935, as security for his two notes, one for $14,000 and the other for $1,000, made payable to the order of the Holder or Holders thereof. The foreclosure was sought only to the extent of the $14,000 note.

In his petition for the injunction, plaintiff alleged "that the defendant is not the holder and owner of the note * * *"; that "the defendant herein obtained the notes in question by collusion, fraud and misrepresentation and is not entitled to continue in the possession of same"; and "that the note of $14,000 sued upon has been paid". He prayed for the issuance, first, of a temporary restraining order, next, of a preliminary injunction, and, in due course, of a permanent injunction.

Additionally, he prayed for a judgment decreeing the order of executory process to be null and void and awarding him the sum of $400 for attorney's fees and traveling expenses. Those made parties to the action were John Nugier, who is the principal defendant, and the Sheriff of Vermilion Parish.

The court granted a temporary restraining order, on the showing made by plaintiff, and it directed the issuance of a rule ordering the defendants to show cause on a designated date why a preliminary injunction should not issue.

On the rule's return day John Nugier excepted to the petition on several grounds, and, with reservation of his rights under the exceptions, answered. The answer contained denials of plaintiff's allegations and also affirmative averments that such defendant is and has always been the legal holder and owner, for value, of both of the notes. The Sheriff likewise filed an answer. Then it was agreed and stipulated by counsel for all parties that the case be taken up on its merits and a final judgment rendered.

The court, after hearing the evidence, overruled the exceptions and rendered judgment on the merits in favor of defendants, rejecting the demands of plaintiff for injunctive relief and dismissing the suit at his costs. From the judgment plaintiff perfected a devolutive appeal.

On his appearance in this court, appellant's counsel merely offered a few remarks regarding the nature of the litigation; he pointed out no specific error in

the district court's judgment. Neither did he file a written brief supporting the appeal.

Our appreciation of the case is that it presents only the question of fact of whether John Nugier is the holder and owner for a valuable consideration of the note signed by Philip Nugier and involved in the foreclosure proceeding.

Obviously inconsistent with the allegations of the petition (that the notes were obtained by John Nugier through fraud and misrepresentation and that they have been paid) was the position assumed by plaintiff at the trial which was that he executed the notes solely for his own convenience and protection. When they were executed, so he testified (but over defendants' objections), he was engaged in a controversy with the Federal Government respecting certain liquor taxes which it claimed, and the notes, secured by the mortgage, were signed by him and delivered to John Nugier only for safekeeping and with the view of preventing the loss of his (Philip's) property to the government through the filing and enforcement of tax liens.

The theory thus advanced on the trial of the case is supported only by plaintiff's testimony. No other witnesses and no documentary evidence were offered in corroboration. John Nugier, on the other hand, furnished witnesses, in addition to himself, and also produced various documents, to show that the notes were given to him by Philip Nugier in the year 1935, to evidence an indebtedness equalling the

amount thereof that resulted from numerous transactions dating back as far as 1913. Some of these transactions involved the making of money advances to plaintiff and the payment of his obligations to banks and other creditors at a time when he was in serious financial difficulties.

In resolving the question of fact against plaintiff and in accepting as true the situation contended for by John Nugier, the district judge, in his written reasons for judgment, observed:

"The evidence, oral and documentary, establish that the two brothers, John and Philip, were always on friendly terms and had for a number of years had various business transactions together. John Nugier has been a successful lawyer, business man, farm operator and money lender for many years and has been regarded as successful in all these branches. Philip Nugier has not been successful; his many ventures would strike bottom and required legal and financial assistance to tide him over. The old, broken, worn and disintegrating account book kept by John Nugier tells an eloquent story of how long and in how many ways he kept his brother going through dark and heavy weather. The transactions shown therein cover a long period, including the period immediately preceding the present litigation.

"Apart from the transactions disclosed in the entries of this book, which the Court saw and was authorized to inspect, the evidence shows that John Nugier obtained the disputed mortgage notes for valuable consideration from the very time of their issuance and exercised during his tenure·

of possession all the prerogatives of ownership."

It is our opinion that the record, which we have carefully and thoroughly studied, warrants that conclusion; hence, the announced holding will not be disturbed.

For the reasons assigned the judgment appealed from is affirmed at plaintiff's costs.

HAWTHORNE, J., does not take part.